# EXHIBIT "A"

Home (http://www.miami-dadeclerk.com/home.asp)   Online Services (http://www.miami-dadeclerk.com/online_services.asp)
About Us (http://www.miami-dadeclerk.com/about.asp)   Contact Us (http://www.miami-dadeclerk.com/contact.asp)
My Account (https://www2.miami-dadeclerk.com/PremierServices/login.aspx)



# Miami-Dade County Civil, Family and Probate Courts Online System

◀◀ Back to Results

## JOHN DOE VS PUBLIX SUPER MARKETS, INC.

**Local Case Number:** 2017-015809-CA-01

**Filing Date:** 06/29/2017

**State Case Number:** 132017CA015809000001

**Case Type:** Discrimination - Employment or Other

**Consolidated Case No.:** N/A

**Judicial Section:** CA27

**Case Status:** OPEN

### 👥 Parties                                          Number of Parties: 2  —

☐➡Export to ▾

| Party Description | Party Name | Attorney Information | Other Attorney (s) |
|---|---|---|---|
| Plaintiff | Doe, John | *B#: (Bar Number)*165580 *N: (Attorney Name)*Jason S Remer | |
| Defendant | PUBLIX SUPER MARKETS, INC. | | |

### 🔨 Hearing Details                                  Number of Hearing: 0  —

No hearing information found

## 🔊 Dockets

Dockets Retrieved: 8    —

[⇥ Export to ▾]

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| ☐ | 7 | 08/07/2017 | | Service Returned | Event | |
| | | 07/27/2017 | | 20 Day Summons Issued | Service | |
| ☐ | 6 | 07/27/2017 | | ESummons 20 Day Issued | Event | *Parties: PUBLIX SUPER MARKETS INC.* |
| | 5 | 07/26/2017 | | Receipt: | Event | **RECEIPT#:3530061 AMT PAID:$10.00 NAME:JASON S REMER 44 W FLAGLER ST STE 2200 MIAMI FL 33130-6807 ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:E-FILING ACH TENDER AMT:$10.00 RECEIPT DATE:0** |
| ☐ | 4 | 07/21/2017 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| | 3 | 07/05/2017 | | Receipt: | Event | **RECEIPT#:2060108 AMT PAID:$401.00 NAME:JASON S REMER 44 W FLAGLER ST STE 2200 MIAMI FL 33130-6807 ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 TENDER TYPE:E-FILING ACH TENDER AMT:$401.00 RECEIPT DAT** |
| ☐ | 2 | 06/29/2017 | | Complaint | Event | |
| ☐ | 1 | 06/29/2017 | | Civil Cover | Event | |



**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services (https://www2.miami-dadeclerk.com/Developers). To review the complete Miami-Dade County Disclaimer, follow this link: http://www.miamidade.gov/info/disclaimer.asp (http://www.miamidade.gov/info/disclaimer.asp)

Email (https://miamidadecounty.co1.qualtrics.com/SE/?SID=SV_bDvccbiqJBvQ2LH)
| Logout (/PremierServices/Logout.aspx?ReturnUrl=https://www2.miami-dadeclerk.com/ocs/Search.aspx?type=premier)
Home (http://www.miami-dadeclerk.com/home.asp)
| Privacy Statement (http://www.miamidade.gov/info/privacy_and_security.asp)
| Disclaimer (http://www.miamidade.gov/info/disclaimer.asp) (http://www.miamidade.gov)
| Contact Us (http://www.miami-dadeclerk.com/contact.asp) | About Us (http://www.miami-dadeclerk.com/about.asp)
2015 Clerk of the Courts. All Rights reserved.
S0142977

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

**I.    CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>  COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>John Doe</u>
 Plaintiff
        vs.
<u>PUBLIX  sUPER MARKETS, INC.</u>
Defendant

---

**II.   TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,000 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☒ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**III.     REMEDIES SOUGHT** (check all that apply):
☒    Monetary;
☐    Non-monetary declaratory or injunctive relief;
☐    Punitive

**IV.     NUMBER OF CAUSES OF ACTION: (      )**
(Specify)

6

**V.      IS THIS CASE A CLASS ACTION LAWSUIT?**
☐   Yes
☒   No

**VI.     HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒   No
☐   Yes – If "yes" list all related cases by name, case number and court:

no

**VII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒   Yes
☐   No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature s/ Jason S Remer      FL Bar No.: 165580
        Attorney or party                                                      (Bar number, if attorney)

Jason S Remer 06/29/2017
        (Type or print name)                                                  Date

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

JOHN DOE

     Plaintiff,

vs.                                  Case No.

PUBLIX SUPER MARKETS, INC.,
a Florida Profit Corporation,

     Defendants.

_____/

## COMPLAINT

Plaintiff, JOHN DOE ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, PUBLIX SUPER MARKETS, INC., ("Defendant") and alleges as follows:

1.     This is an action for damages in excess of $15,000.00, exclusive of interest, costs and attorneys' fees, with claims for violation of the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA"), violation of the Florida Civil Rights Act of 1992 ("FCRA"), Florida Statute Section 760, for discrimination based on Plaintiff's disability, violation of the FCRA for retaliation based upon Plaintiff's complaints of discrimination, and negligence.

2.     The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3.     At all times material hereto, Plaintiff was a resident of Miami-Dade County, Florida. Plaintiff's identity must be protected due to the sensitive facts at hand, but will be disclosed to Defendant in camera.

4.      Defendant, PUBLIX SUPER MARKETS, INC., is a Florida profit corporation and regularly conducts business within Miami-Dade County, Florida. Defendant operates a chain of supermarkets which include pharmacies.

### *Wage and Hour Claims*

5.      Plaintiff was employed by Defendant as a Manager, although the majority of his work comprised of non-managerial duties.

6.      Plaintiff was treated as an exempt employee under the terms of the FLSA, but in fact was not. Plaintiff performed duties similar to those of a produce clerk, a non-exempt position that Defendant customarily pays overtime.

7.      At all times material hereto, Plaintiff and Defendant were engaged in an implied agreement whereby Plaintiff would be employed by Defendant and that Plaintiff would be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

8.      During the time period of June 2014 until approximately March of 2017, Defendant failed to compensate Plaintiff the required overtime and/or minimum wages at a rate of one and a half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) within a single work week.

9.      Plaintiff failed to maintain proper time records for Plaintiff and other managers, and thus failed to provide Plaintiff with a truly accurate method of determining the amount of time that is owed to Plaintiff.

### *Negligence and Discrimination Claims*

10.     In or around June of 2013, Plaintiff learned that he had HIV, which qualifies as a disability within the meaning of the FCRA.

11.    Plaintiff had health insurance provided by Defendant. Defendant's health insurance plan made it difficult for Plaintiff to acquire medications at any pharmacy other than a Publix pharmacy.

12.    Plaintiff desired to keep his HIV status secret. In order to do this, Plaintiff would have his prescriptions filled at a separate supermarket that did not have any employee overlap. This was a deliberate action to protect his privacy and ensure his coworkers would not learn of his HIV status.

13.    In July of 2013, an agent and employee of Defendant, an Assistant Pharmacy Manager, approached Plaintiff and advised Plaintiff that he had reviewed Plaintiff's prescription records with Defendant and was aware that Plaintiff had HIV. The Assistant Pharmacy Manager had no reason or justification to review Plaintiff's personal medical records. Further, Plaintiff had never discussed *any* health condition with the Pharmacy Manager.

14.    After learning that the Assistant Pharmacy Manager had underhandedly learned of his HIV status, Plaintiff suffered great emotional anguish, stress, depression, and other suffering. These conditions eventually manifested into physical conditions.

15.    Five days after the Assistant Pharmacy Manager informed Plaintiff that he had learned of Plaintiff's HIV status, the Assistant Pharmacy Manager again approached Plaintiff to discuss his HIV. The Store Manager would go on to pull up Plaintiff's patient profile on Defendant's computer, in view of the Plaintiff.

16.    Plaintiff complained to the Assistant Pharmacy Manager's supervisor, but no remedial action was taken.

17.    In August of 2013, Plaintiff was approached by the Assistant Store Manager, who stated that she also knew that he had HIV. At no prior time had Plaintiff voluntarily discussed

his HIV status with anyone at Publix, and certainly had not discussed his status with the Assistant Store Manager.

18.     The Assistant Store Manager had been told of Plaintiff's HIV status by the Assistant Pharmacy Manager. The two would go on to discuss Plaintiff's HIV status amongst themselves and with other employees of Defendant.

19.     Plaintiff would go on to complain to supervisors about the behavior or the Assistant Pharmacy Manager and the Assistant Store Manager, but no remedial action was taken.

20.     After the work environment became unbearable, Plaintiff was transferred to another supermarket operated by Defendant.

21.     After Plaintiff was transferred, the discrimination would continue. Plaintiff was discriminated against based upon his disability, which Defendant was plainly aware of.

22.     Plaintiff's supervisors belittled him on a regular basis, and was held to an unfair and impossible standard. In addition, Plaintiff was not given the same opportunities for advancement as other non-disabled employees of Defendant.

23.     Plaintiff complained multiple times about the discrimination he was facing at work, but no remedial action was taken. Ultimately, Plaintiff complained to the Regional Pharmacy Manager, The District Manager, and the Associate Relation Manager, but no action was ever taken to correct the discrimination Plaintiff was facing.

24.     In retaliation for his complaints of discrimination, Plaintiff was demoted and then constructively discharged in April of 2017. Were it not for the Defendant's discrimination and retaliation, Plaintiff would still be happily employed with the Defendant.

25.     All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

26.     Plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission and the Florida Commission on Human Relations on May 22, 2016.

27.     The Plaintiff has retained the undersigned counsel in order for her rights and interests to be protected.

## COUNT I
### *Wage & Hour Federal Statutory Violation*

28.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-27 of this complaint as if set out in full herein.

29.     This action is brought by Plaintiff and other similarly-situated individuals to recover from Defendants unpaid minimum wage and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

30.     Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

31.     At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business,

transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

32.     Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

33.     By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).  Defendant's business activities involve those to which the Fair Labor Standards Act applies.  The Plaintiff's work for the Defendant likewise affects interstate commerce.

34.     Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

35.     At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

36.     Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

37.     Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT II**
*Intentional Infliction of Emotional Distress*

38.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 27 of this complaint as if set out in full herein.

39.     During the time frame enumerated, Defendant's agent Assistant Pharmacy Manager deliberately and recklessly inflicted mental suffering on Plaintiff by and through his intentional verbal harassment and humiliation of Plaintiff.

40.     The Assistant Pharmacy Manager purposefully and deliberately disclosed to Plaintiff's coworkers the Plaintiff's HIV status, in order to embarrass and ostracize Plaintiff.

41.     Further, the pharmacy manager's behavior constituted a violation of HIPAA, as it was a disclosure of personal and private facts.

42.     The Pharmacy Manager's conduct is so outrageous in character, and so extreme in degree, that it is considered atrocious and utterly intolerable in a civilized society.

43.     The actions of Defendant's agent as stated above caused Plaintiff severe emotional

distress.

44.     As a direct and proximate result of Defendant's conduct alleged above, Plaintiff suffered bodily injury, resulting plain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and/or the aggravation of a previously existing condition.  The losses are either permanent or continuing, and Plaintiff will suffer the losses in the future.

**WHEREFORE**, the Plaintiff demands judgment for damages against Defendant and such other relief as this Court finds just and proper.

<u>COUNT III</u>
*Negligent Infliction of Emotional Distress*

45.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 27 of this complaint as if set out in full herein.

46.     During the time frame enumerated, Defendant's agent Assistant Pharmacy Manager negligently and recklessly inflicted mental suffering on Plaintiff by and through his intentional verbal harassment and humiliation of Plaintiff.

47.     The Assistant Pharmacy Manager negligently disclosed to Plaintiff's coworkers the Plaintiff's HIV status, which in turn embarrassed and ostracized Plaintiff.

48.     Further, the Assistant pharmacy manager's behavior constituted a violation of HIPAA, as it was a disclosure of personal and private facts.

49.     The Assistant Pharmacy Manager's conduct is so outrageous in character, and so extreme in degree, that it is considered atrocious and utterly intolerable in a civilized society.

50.     The actions of Defendant's agent as stated above caused Plaintiff severe emotional distress.

51.     As a direct and proximate result of Defendant's conduct alleged above, Plaintiff suffered bodily injury, resulting plain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and/or the aggravation of a previously existing condition.  The losses are either permanent or continuing, and Plaintiff will suffer the losses in the future.

**WHEREFORE**, the Plaintiff demands judgment for damages against Defendant and such other relief as this Court finds just and proper.

**COUNT IV**
*Negligent Retention*

52.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 27 of this complaint as if set out in full herein.

53.     Defendants were on notice of the potentially harmful propensities of its Pharmacy Manager and Store Manager.

54.     Plaintiff complained to Corporate Defendants on various occasions about the Pharmacy Manager and Store Manager's unconscionable acts.

55.     Plaintiff, who was under the supervision of the Store Manager,, was within the zone of foresseable risks created by the employment.

56.     Defendants' breach of duty in retaining both the Store Manager and Pharmacy Manager was the proximate cause of Plaintiff's injuries.

**WHEREFORE**, the Plaintiff demands judgment for damages against Defendant and such other relief as this Court finds just and proper.

## COUNT V
### *Disability Discrimination in Violation of the FCRA*

57.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 27 of this complaint as if set out in full herein.

58.     Plaintiff is a member of a protected class under the FCRA.

*59.*     Section 760.10 of the FCRA states in relevant part:

"(1)     It is an unlawful employment practice for an employer:

(a)     To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

*60.*     The FCRA accordingly prohibits discrimination based on disability.

*61.*     The treatment to which Plaintiff was subjected by Defendant as set forth above and incorporated herein, was the result of Plaintiff's disability, which an individual with health problems would not have been subjected, in violation of the FCRA.

*62.*     Defendant's alleged bases for its adverse conduct against Plaintiff and Plaintiff's termination are pretextual and asserted only to cover up the discriminatory nature of its conduct.

*63.*     Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff and Plaintiff's termination, which reasons it does not have, Plaintiff's health issues were also a motivating factor for Defendant's adverse conduct toward Plaintiff and Plaintiff's termination.

*64.*     As a result of Defendant's willful and malicious discriminatory actions as a result of her pregnancy, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits.  Plaintiff has also experienced and will

continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages in the form of back pay and front pay, interest, lost benefits, and compensatory damages.

65.     Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious discriminatory conduct.

66.     Plaintiff further seeks her attorney's fees and costs as permitted by law.

**WHEREFORE**, Plaintiff prays for the entry of a judgment against Defendant and an award of economic damages in the form of back pay and front pay, lost wages, interest, lost benefits, as well as compensatory damages, punitive damages, and attorney's fees and costs as a result of Defendant's discriminatory conduct in violation of the FCRA.

<u>COUNT VI</u>
*Retaliation in Violation of the FCRA*

67.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 27 of this complaint as if set out in full herein.

68.     Plaintiff is a member of a protected class under the FCRA.

69.     By the conduct described above, Defendants retaliated against Plaintiff for exercising rights protected under the FCRA.

70.     Defendants' conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendants and its supervisory personnel were aware that discrimination on the basis of gender was unlawful but acted in reckless disregard of the law.

71.     As a result of Defendants' actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

72.     The conduct of Defendants, by and through the conduct of its agents, employees,

and/or representatives, and Defendants' failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

73.    The actions of the Defendants and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendants for its actions and to deter it, and others, from such action in the future.

74.    Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendants' retaliatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendants:

A. Adjudge and decree that Defendants have violated the FCRA, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendants to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

and

F.  Grant Plaintiff such additional relief as the Court deems just and proper under the

circumstances.

**JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: 6/29/2017

Respectfully submitted,

By: **/s/ Jason Remer**
Jason S. Remer, Esq.
Fla. Bar No.: 0165580
Brody M. Shulman, Esq.
Fla. Bar No.: 092044
jremer@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

JOHN DOE

    Plaintiff,

vs.                                     Case No.

PUBLIX SUPER MARKETS, INC.,
a Florida Profit Corporation,

    Defendants.

_____/

**SUMMONS IN A CIVIL CASE**

**TO:**

                 PUBLIX SUPER MARKETS, INC.,
                 c/o ATTAWAY, JOHN A, JR.
                 3300 PUBLIX CORPORATE PKWY
                 LAKELAND, FL 33811-3311

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

                 JASON S. REMER, ESQ.
                 REMER & GEORGES-PIERRE, PLLC.
                 44 WEST FLAGLER STREET
                 SUITE 2200
                 MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK                                    DATE

_____
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

JOHN DOE

      Plaintiff,

vs.

Case No. 2017-015809-CA-01

PUBLIX SUPER MARKETS, INC.,
a Florida Profit Corporation,

      Defendants.

_____/

## SUMMONS IN A CIVIL CASE

**TO:**

          PUBLIX SUPER MARKETS, INC.,
          c/o ATTAWAY, JOHN A, JR.
          3300 PUBLIX CORPORATE PKWY
          LAKELAND, FL 33811-3311

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

          JASON S. REMER, ESQ.
          REMER & GEORGES-PIERRE, PLLC.
          44 WEST FLAGLER STREET
          SUITE 2200
          MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____

CLERK                     DATE

_____

(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

JOHN DOE

      Plaintiff,

vs.

                                Case No. 2017-015809-CA-01

PUBLIX SUPER MARKETS, INC.,
a Florida Profit Corporation,

      Defendants.

_____/

## SUMMONS IN A CIVIL CASE

**TO:**

           PUBLIX SUPER MARKETS, INC.,
           c/o ATTAWAY, JOHN A, JR.
           3300 PUBLIX CORPORATE PKWY
           LAKELAND, FL 33811-3311

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

           JASON S. REMER, ESQ.
           REMER & GEORGES-PIERRE, PLLC.
           44 WEST FLAGLER STREET
           SUITE 2200
           MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Harvey Ruvin,

CLERK of Courts

DATE     7/27/2017

58791

(BY) DEPUTY CLERK



## RETURN OF SERVICE

State of Florida        County of MIAMI-DADE        Circuit Court

Case Number: 2017-15809-CA-01

Plaintiff:
**JOHN DOE**

vs.

Defendant:
**PUBLIX SUPER MARKETS, INC**

For:
Jason S. Remer
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street
Ste 2200
Miami, FL 33130

OJF2017010027

Received by OJF SERVICES, INC. on the 27th day of July, 2017 at 3:37 pm to be served on **PUBLIX SUPER MARKETS, INC. C/O JOHN A. ATTAWAY, JR., 3300 PUBLIX CORPORATE PKWY, LAKELAND, FL 33811.**

I, BRADLEY SMITH, do hereby affirm that on the **28th day of July, 2017 at 10:07 am, I:**

served a **CORPORATION** by delivering a true copy of the **SUMMONS AND COMPLAINT** with the date and hour of service endorsed thereon by me, to: **VICKI COWARD** as **SECURITY** for **PUBLIX SUPER MARKETS, INC.**, at the address of: **3300 PUBLIX CORPORATE PKWY, LAKELAND, FL 33811**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 56, Sex: F, Race/Skin Color: WHITE, Height: 5'7, Weight: 180, Hair: GREY, Glasses: Y

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

BRADLEY SMITH
CA-846

OJF SERVICES, INC.
13727 SW 152 STREET, PMB 354
MIAMI, FL 33177
(786) 293-5750

Our Job Serial Number: OJF-2017010027

Copyright © 1992-2013 Database Services, Inc. - Process Server's Toolbox V7.0z

Filing # 59353861 E-Filed 07/21/2017 02:24:05 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

JOHN DOE

       Plaintiff,

vs.

Case No. 2017-015809-CA-01

PUBLIX SUPER MARKETS, INC.,
a Florida Profit Corporation,

DATE: 7/28/17  TIME: 10.07am

       Defendants.

INITIALS: B.S  ID #: CA-846

## SUMMONS IN A CIVIL CASE

TO:

       PUBLIX SUPER MARKETS, INC.,
       c/o ATTAWAY, JOHN A, JR.
       3300 PUBLIX CORPORATE PKWY
       LAKELAND, FL 33811-3311

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

       JASON S. REMER, ESQ.
       REMER & GEORGES-PIERRE, PLLC.
       44 WEST FLAGLER STREET
       SUITE 2200
       MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint. You must also file your
answer with the Clerk of this Court within a reasonable period of time after service.
    Harvey Ruvin,

CLERK ~~Clerk of Courts~~                DATE    7/27/2017

(BY) DEPUTY CLERK    56791



10027