UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| JOHN DOE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No.: 17-23126-CV-UNGARO |
| | : | |
| PUBLIX SUPER MARKETS, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH
PREJUDICE AND STIPULATION OF FACTS AND SUPPORTING
MEMORANDUM OF LAW**

Plaintiff John Doe ("Plaintiff") and Defendant Publix Super Markets, Inc. ("Publix" or "Defendant") (collectively the "Parties") notify the Court that the Parties have reached a carefully negotiated settlement of Plaintiff's claims as set forth in the Settlement Agreement (the "Agreement") (attached as Exhibit 1), and move the Court for approval of the Agreement and dismissal of this action with prejudice. Therefore, the Parties submit this stipulation of facts to support their request for the necessary Court approval pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). The Parties request that the Court enter an order approving the settlement and dismissing this action in its entirety, with prejudice, pursuant to Rule 41 of the Federal Rules of Civil Procedure, with each Party to bear his or its own costs. In support of this motion and as grounds for the Court's approval of the Agreement, the Parties stipulate as follows:

1.      Plaintiff filed his Complaint in this action against Defendant on June 29, 2017, alleging Defendant violated the FLSA. (Doc. 1).

2.      The Parties had a *bona fide* dispute under the FLSA.  Defendant asserts that it had reasonable grounds to believe it complied with the FLSA by classifying Plaintiff under the executive exemption and at all times that it acted in good faith and did not willfully violate the FLSA.  Plaintiff's counsel agrees there is at least an issue of fact on whether Plaintiff was properly classified.

3.      The Parties engaged in settlement discussions and negotiations prior to determining an agreeable settlement of Plaintiff's claims.  These negotiations included the following:

a.      Counsel for the Parties discussed Plaintiff's claims via telephone and the possibility of resolving those claims through settlement.

b.      On November 9, 2017, Plaintiff's counsel provided Defendant with Plaintiff's initial disclosures, which included a damage calculation.

c.      The Parties exchanged records from Plaintiff's employment with Publix, and on December 20, 2017 and February 7, 2018, Plaintiff's counsel provided Defendant with Plaintiff's responses to Interrogatories, which included another damage calculation.

d.      On February 13, 2018, the Parties participated in arms-length mediation and agreed upon final settlement terms as set forth in the Agreement.

4.      Due to the foregoing process, the Parties have agreed to a complete resolution of this matter as provided in the Agreement.  The Parties have reached a settlement wherein Defendant will pay Plaintiff a reasonable amount for his claims under the FLSA in order to avoid further litigation.  Defendant negotiated separately with Plaintiff's counsel as to a reasonable attorney's fee for the time expended working on this matter, as well as the requisite filing fee to initiate this action. 29 U.S.C. § 216(b)

5.      The Parties stipulate that they had a *bona fide* dispute and that they are resolving this action at this stage to avoid the cost and time involved in litigating the issues of liability, liquidated damages, willfulness, fees, and expenses.  The dispute over whether Plaintiff was due any back pay for unpaid overtime was *bona fide*, including Defendant's position that Plaintiff was properly compensated and his claims are barred by statutory exemptions, exclusions, exceptions, or credits under the FLSA, including the FLSA's executive exemptions.

6.      The Parties stipulate that neither Plaintiff nor Defendant is prejudiced by this settlement.

For the foregoing reasons, the Parties respectfully request that the Court accept and approve the Agreement, and enter an order approving the Agreement and dismissing this action in its entirety, with prejudice, and with each Party to bear his or its own costs.

## MEMORANDUM OF LAW

Under the FLSA, binding settlements of back wage damage claims are permitted when the court enters a stipulated judgment upon determining that a settlement proposed by an employer and employee is a fair and reasonable resolution of a bona fide dispute.  *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (noting that in the "context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations," the parties must present any proposed settlement to the district court, which "may enter a stipulated judgment after scrutinizing the settlement for fairness.") *See also Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).  In detailing the reasons for court approval, the Eleventh Circuit has stated as follows:

> [S]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus,

3

> when the parties submit a settlement to the court for approval, the settlement is
> more likely to reflect a reasonable compromise of disputed issues than a mere
> waiver of statutory rights brought about by an employer's overreaching.  If a
> settlement in an employee FLSA suit does reflect a reasonable compromise over
> issues, such as FLSA coverage or computation of back wages, that are actually in
> dispute; we allow the district court to approve the settlement in order to promote
> the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354 (emphasis added).  Thus, a stipulated judgment on

"disputed issues of both law and fact" will be binding if entered subsequent to court approval.

*See Jarrard v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947) (citations

omitted).[1]

The Court will find, after scrutinizing the settlement, that the Agreement is fair to both

Parties and should be approved.  The Agreement reflects a compromise of issues actually in

dispute.  The Agreement was reached in an adversarial context in which Plaintiff was

represented by competent and experienced counsel.  Defendant will pay Plaintiff a compromised

amount reflecting the uncertainties involved in this case.  Defendant has also separately

negotiated with Plaintiff's counsel as to a reasonable attorney's fee for the time expended

working on this matter, as well as the requisite filing fee to initiate this action.

In determining whether a settlement is fair and reasonable, the Court considers these

factors: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity,

expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of

discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of

possible recovery; and (6) the opinions of counsel."  *Matador v. Centene Mgmt. Co. LLC*, 2018

---

[1] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding that all cases
decided by the former Fifth Circuit prior to October 1, 1981 are binding upon the Eleventh
Circuit).

WL 889435, *2 (M.D. Fla. Feb. 5, 2018), *report and recommendation adopted*, 2018 WL 839483 (M.D. Fla. Feb. 13, 2018).

      **A.**      **The Agreement is "Fair and Reasonable."**

      The Parties agree that the circumstances surrounding this settlement are fair and equitable. "Only where one side is so clearly correct that offer in compromise becomes clearly unreasonable does trial court abuse discretion in approving settlement." *United States v. Allegheny-Ludlum Indus., Inc.*, 517 F.2d 826, 850 (5th Cir. 1975) (citations omitted)

      **B.**      **The Agreement Reflects the Resolution of a *Bona Fide* Dispute Between the Parties.**

      At the initiation of and throughout this action, there existed a *bona fide* dispute between the Parties on Defendant's compliance with the FLSA.  Plaintiff contended that Defendant misclassified Plaintiff and failed to make certain overtime payments in violation of the FLSA. Defendant asserts that it compensated Plaintiff appropriately pursuant to statutory exemptions, exclusions, exceptions, or credits under the FLSA, including the FLSA's executive and administrative exemptions, had reasonable grounds to believe it had complied with the FLSA at all times, and that it had acted in good faith and did not willfully violate the FLSA.

      Presentation of the issues to the Court would be time-consuming and costly for both Parties.  The Parties stipulate that they have a *bona fide* dispute and that they are resolving this action at this stage in order to avoid the cost and time involved in litigating the issues of liability, liquidated damages, willfulness, fees, and expenses.  The Parties represent to the Court this settlement is beneficial to both Parties.  The "Parties have demonstrated that the settlement is a fair and the release in this case is narrowly tailored to Plaintiff's FLSA claims so as to pass judicial scrutiny." *See Coleman v. Target Corp.*, 2013 WL 867891, at *6 (M.D. Fla. Mar. 1, 2013).

### C.       Conclusion

For the foregoing reasons, the Parties request that the Court enter an order approving the

Agreement and dismissing the action in its entirety, with prejudice, with each party to bear his or

its own costs.

Respectfully submitted,

*/s/ Jason Remer*
Jason S. Remer, Esq.
Florida Bar No. 0165580
Brody M. Shulman, Esq.
Florida Bar No. 092044
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone (305) 416-5000
Facsimile (305) 416-5005
jremer@rgpattorneys.com
*Attorneys for Plaintiff*

Respectfully submitted,

*/s/Edmund J. McKenna*
Edmund J. McKenna
Florida Bar No.: 845922
Rachel A. Morris
Florida Bar No.: 91498
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
100 N. Tampa Street, Ste. 3600
Tampa, FL 33602
Telephone: (813) 289-1247
Facsimile: (813) 289-6530
edmund.mckenna@ogletree.com
rachel.morris@ogletree.com

and

Christopher P. Hammon
Florida Bar No.: 176753
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
701 Brickell Avenue, Suite 1600
Miami, FL 33131-3060
Telephone: (305) 374-0506
Facsimile: (305) 374-0456
chris.hammon@ogletree.com
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I filed the foregoing with the Clerk using the CM/ECF

System, which will send a notice of electronic filing to:

Jason Remer, Esq.
Brody M. Shulman, Esq.
Remer & Georges-Pierre, PLLC
44 West Flagler Street, Suite 2200
Miami, FL 33130
*Attorneys for Plaintiff*

on this 19th day of March, 2018.

/s/Edmund J. McKenna
Edmund J. McKenna

33097237.1